IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PNC FINANCIAL SERVICES GROUP, INC. and PNC BANK, N.A., Individually and as Successor in Interest to NATIONAL CITY BANK, | ) ) ) ) ) CIVIL DIVISION ) |
| Plaintiffs, | ) No. 2:13-cv-00331-CB-MPK ) |
| v. | ) ) |
| HOUSTON CASUALTY COMPANY and AXIS INSURANCE COMPANY, | ) ) ) |
| Defendants. | ) ) ) |

**[PARTIES' PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

On this ___ day of _____, 2015, the Court enters this Final Judgment and Order of Dismissal (the "Judgment"). After consideration of the Parties' Joint Stipulation of Damages of February 6, 2015 (the "Stipulation"),[1] and pursuant to the Court's Orders of June 24, 2014 (Doc. #63) and July 28, 2014 (Doc. #68) (the "Orders") on the Parties' cross-motions for judgment on the pleadings, which Orders are incorporated by reference, it is hereby ordered that judgment be entered as follows:

1.  This Court has jurisdiction over the subject matter of this action, as well as personal jurisdiction over Plaintiffs THE PNC FINANCIAL SERVICES GROUP, INC. and PNC BANK, N.A., Individually and as Successor in Interest to NATIONAL CITY BANK

---

[1] Without waiver of any appellate rights or any rights the parties may have with respect to any dispute as to how the Court's Orders of June 24, 2014 (Doc. #63) and July 28, 2014 (Doc. #68) should be interpreted, and in order to conclude proceedings in the District Court, the Parties have stipulated to the amounts summarized in the Parties' Joint Stipulation of Damages of February 6, 2015, and to the language of this proposed final judgment, which is derived from and adheres to the Orders and the Stipulation.

(collectively "PNC"), and Defendants HOUSTON CASUALTY COMPANY ("HCC") and AXIS INSURANCE COMPANY ("AXIS").

2. As to Count I of the Complaint (Doc # 1), PNC has paid certain Claims Expenses and other Loss as those terms are defined in HCC Policy No. 24-MG-08-A9495 (the "HCC Policy") in connection with the underlying class action litigation (the "Overdraft Protection Services Litigation") in an amount in excess of the self-insured retention, as set forth in the Orders and Stipulation. HCC shall reimburse PNC for such Loss, including with respect to amounts that PNC pays after January 21, 2015, until the remaining aggregate limit of liability of the HCC Policy is fully exhausted.

3. As to Count II of the Complaint, PNC has paid certain Claims Expenses and other Loss under the terms of the HCC Policy, as incorporated by AXIS Policy No. MNN 710806/01/2008 (the "AXIS Policy"), in connection with the Overdraft Protection Services Litigation in an amount in excess of the self-insured retention, as set forth in the Orders and Stipulation. To the extent that any such Loss is in excess of the aggregate limits of the HCC Policy and the applicable self-insured retention, AXIS shall reimburse PNC up to the full amount of the AXIS Policy's limit of liability for any such amounts, including with respect to amounts that PNC pays after January 21, 2015, until the remaining aggregate limit of liability of the AXIS Policy is fully exhausted.

4. As to Count III of the Complaint, HCC shall pay PNC from the proceeds of the HCC Policy the lesser of $12,952,228.38 or the remaining aggregate limit of liability under the HCC Policy at the time the payment is made. To the extent that the HCC Policy's aggregate limit of liability has been or is exhausted in full by payment in other matters, HCC shall not owe any payment pursuant to this paragraph.

5.    As to Count IV of the Complaint, to the extent that any portion of the amount in Paragraph 4 remains unpaid after exhaustion of the HCC Policy's aggregate limits, AXIS shall pay PNC the remaining unpaid amount from the proceeds of the AXIS Policy, up to the remaining aggregate limit of liability of the AXIS Policy.

6.    HCC and PNC have reached a compromise with respect to PNC's claim for prejudgment interest under 41 Pa. Cons. Stat. Ann. § 202.  Consistent with the Orders and Stipulation, pursuant to this compromise HCC shall pay PNC $1,305,092.24 in prejudgment interest on the amount awarded in this Judgment.  This payment shall not reduce the aggregate limit of liability of the HCC Policy.

7.    This Judgment shall constitute a final judgment for purposes of Federal Rules of Civil Procedure 54 and 58.

8.    Without affecting the finality of this Judgment, the Court reserves jurisdiction over this action and the Parties for purposes of interpretation, enforcement, and implementation of this Judgment.

9.    This action, including all claims alleged, is dismissed on the merits.

The Clerk of Court is ordered to enter this Final Judgment and Order of Dismissal forthwith and mark this case closed.

By the Court:

_____
J.